IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

ROBERT HALL,
ADC #90971                                                    PLAINTIFF

v.                                    2:07CV00026JMM/HDY

LARRY NORRIS, et al.                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

1

hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

### I.  Introduction

The plaintiff, a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants, who are ADC employees, alleging Eighth and Fourteenth  Amendment violations.[1]  Specifically, plaintiff alleges defendants Walton, Mull and Williams, on separate occasions, ordered certain hobby craft items be handcrafted for them, yet they failed to compensate plaintiff for the agreed-upon costs of those items.   Plaintiff alleges he contacted defendants Hobbs and Harmon for assistance in receiving compensation for his goods and services, and claims they never contacted him or investigated his allegations.  Plaintiff asks for monetary relief from defendants

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense

---

[1] Defendants Watson and Norris were previously dismissed from plaintiff's complaint, by Order dated April 6, 2007 (DE #13).

of money and manpower inherent in such a trial, the Court held a Pre-Jury Evidentiary Hearing on November 27, 2007, to determine whether this case should proceed to a jury trial before United States District Judge James M. Moody.   Pursuant to the standard set forth in <u>Johnson v. Bi-State Justice Center</u>, 12 F.3d 133 (8th Cir. 1993), the Court has considered plaintiff's testimony during the November 27, 2007 hearing to be true, drawn all appropriate inferences in plaintiff's favor, and refrained from making any credibility determinations. <u>Id</u>. at 135-6.  Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. <u>Id</u>., <u>quoting</u> <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 251-2 (1986).   Based upon the evidence introduced at the Evidentiary Hearing, the Undersigned makes the following Proposed Findings and Recommended Disposition.

<u>II.  Factual Findings</u>

1.  Plaintiff has been incarcerated in the ADC since September, 1992, and is currently housed at the East Arkansas Regional Unit.

2.  In April, 2004, defendant Walton, an ADC counselor, ordered saddle bags from plaintiff and the two negotiated a price of $85.   When plaintiff presented the bags to him, Walton said he was short on cash and would pay him later.  Plaintiff also crafted a bridle for defendant and charged him $65. Upon pick-up, Walton again said he was short on cash.   Later, plaintiff asked defendant Walton to help out another inmate who needed a transfer, and the inmate was transferred.

3.  Defendant Walton later returned, in about February 2005, to ask plaintiff to craft a second bridle for him, stating that the first one was stolen from his porch.  Plaintiff again charged $65, which Walton did not pay.  Plaintiff later approached defendant about helping another inmate who

was trying to obtain a job in the law library. When the inmate later was assigned to work in the gym, plaintiff asked defendant about this, and also asked for payment for the saddle bags and bridles. Plaintiff and defendant Walton argued, and the next day defendant told plaintiff the argument was free, but never to mention the money or favors again or he would chop off plaintiff's head. Plaintiff never received payment from defendant Walton.

4. Defendant Williams, a security officer at the Unit, took some boots to plaintiff and asked him to replace the zippers. Plaintiff charged him $8 and delivered the boots to Williams, but was never paid.

5. Defendant Mull, the business manager at the Unit, asked plaintiff to make him a brown belt, for $20. After plaintiff accidentally dripped some black dye on the belt, defendant told plaintiff to go ahead and dye the entire belt black and that he would order both a black and brown belt. Although defendant paid plaintiff $20 for the first belt, he never compensated plaintiff for the second belt.

6. In February, 2006, when plaintiff had received no payment from defendants, he filed this lawsuit. He wrote defendant Hobbs a letter about his problems with defendants, and asked for a transfer. Defendant Hobbs forwarded the letter to defendant Warden Harmon, who contacted plaintiff and asked for the names of the individuals involved in order to conduct an investigation. Plaintiff provided the names to defendant Harmon, and never received any further information or contact from him.

7. Plaintiff later wrote non-party Polly James to inquire whether he could file a late grievance about the matters. When he did not receive a response, he contacted another ADC grievance person, Tiffanye Compton, with no response. Plaintiff later wrote another letter under

4

a different inmate's name and received a response, but no answer to his question.  In March, 2006, he filed an informal resolution about the incidents, stating he believed the non-payment was an on-going problem, since two of the defendants continued to tell him they would pay him, and since defendant Walton had threatened him.  He never received a response to the informal resolution, and never filed a formal grievance, believing that his time to do so had expired.   Plaintiff also stated the ADC grievance policy provides that if an inmate does not receive a response to an informal resolution, he "may" file a grievance, and he interprets the language to mean filing a grievance is not mandatory.

8.  Plaintiff stated he sued defendants under the Eighth Amendment because he considers their conduct cruel and unusual and because they essentially rendered him their slave.  His claim pursuant to the Fourteenth Amendment is for the taking of his property without compensation.  He did not file suit for the value of the property with the Arkansas Claims Commission, although he stated he is familiar with the Claims Commission and filed claims with it in the past.

9.  Prior to the Hearing, defendants filed a motion for judgment on the pleadings (DE #50), stating plaintiff's complaint should be dismissed for failure to exhaust his administrative remedies, since plaintiff never filed nor exhausted a grievance about the incidents involving defendants.  In addition, defendants argue  plaintiff fails to state a Fourteenth Amendment claim for relief pursuant to 42 U.S.C. § 1983, because an adequate state remedy exists with the Arkansas Claims Commission.  Defendants argue plaintiff fails to state an Eighth Amendment claim for relief because mere threats are not actionable under § 1983.  Finally, defendants state plaintiff's allegations against defendants Hobbs and Harmon should be dismissed because they are based on supervisory liability, which is not an available theory of recovery under § 1983.

10. The Court granted plaintiff permission to file a response to defendants' motion after the Hearing. According to the response (DE #53), plaintiff states his complaint should not be dismissed for failure to exhaust because he did not receive responses to his inquiries about filing a late grievance and did not receive a response to the informal resolution he filed. Therefore, plaintiff considers that a remedy was not available to him through the grievance procedure. He also states he can not file claims for violation of his civil rights against the individual defendants with the Claims Commission, and repeats his allegations that defendants used him for slave labor. Finally, plaintiff asks the Court to continue to construe his filings liberally and to provide him monetary relief for the goods and services provided to defendants.

### III.  Conclusions of Law

1. Plaintiff alleges defendants violated his Eighth Amendment rights by threatening him and by using him as slave labor. However, neither mere threats nor verbal abuse are  actionable under § 1983. Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000), and King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997). See also Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1984).

2. Plaintiff's due process allegations against defendants must be dismissed because neither the negligent nor intentional deprivation of an inmate's property violate the Fifth or Fourteenth Amendments, where an adequate post-deprivation remedy is available. See Hudson v. Palmer, 468 U.S. 517 (1984). The Arkansas Claims Commission has "exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions." Ark. Code Ann. § 19-10-204(a). In this case, plaintiff admits that he did not file a claim with the Claims Commission.

3. There is no need to submit factual issues to a jury when the evidence proffered permits

6

but one reasonable conclusion as to a verdict.  <u>Anderson v. Liberty Lobby</u>, <u>supra</u>, 477 U.S. at 252.

Since there are no genuine issues of material fact to submit to a jury, the defendants are entitled to

judgment as a matter of law dismissing this complaint.   Accordingly,

     IT IS, THEREFORE, RECOMMENDED that the plaintiff's complaint be dismissed with

prejudice, without further hearing.

     IT IS SO RECOMMENDED this __7___ day of December, 2007.


_____

United States Magistrate Judge